FELLIPO DICENSO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13526. Promulgated April 16, 1928.

*A. Morris Williams, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

SIEFKIN: This is a proceeding for the redetermination of deficiencies in income taxes and penalties as follows:

| Year | Deficiency | Penalty |
|------|-----------|---------|
| 1921 | $109.68 | $27.42 |
| 1922 | 102.14 | 25.54 |
| 1923 | 90.30 | ----- |
| 1924 | 85.35 | 21.34 |

The deficiencies and penalties result from returns prepared and filed on behalf of the petitioner by a collector of internal revenue and result in a large part from the computation of tax upon the so-called percentage method. The petitioner can not read or write, and was assisted in a grocery business in Springfield, Ill., by his wife, Teresa Di Censo, who had a meagre acquaintance with the English language. The evidence of the wife was taken by deposition and is extremely confusing and unsatisfactory in showing what the income of the business was. Apparently the respondent's representative had before him some sort of an account book kept by the wife and showing the receipts and disbursements, but that book was lost at the time the deposition was taken and the only other books used in making the respondent's computation, the check book and bank book, were not introduced in evidence. The petitioner did introduce, however, a number of canceled checks which the wife testified she cashed as an accommodation to friends and salesmen, later depositing the cash in the bank. If we could be satisfied that this was the case, and that the amounts so deposited were treated as income by the agent of the Government, we might reduce the amount of gross income to that extent, but we are not advised of either fact. There is, however, definite evidence showing erroneous action by the respondent in including in the income for each of the years 1920 and 1921 the sum

of $2,878.87 on account of net rentals on a two-story building, a flat building and a dwelling house. The testimony and a deed offered in evidence show that the store building was not acquired by the petitioner until January, 1923. To the extent that rentals from that building were included the respondent was in error. The respondent also included in income for each of the years in question the sum of $1,800 on account of groceries used for home consumption. The evidence, however, is definite that not more than $1,000 a year should be so included. In all other respects the respondent's action is approved. See *McAnelly Hardware Co.*, 9 B. T. A. 361, and cases there cited.

*Judgment will be entered upon 15 days' notice, under Rule 50.*